Louis Pechman
Vivianna Morales
Gregory Slotnick
Pechman Law Group PLLC
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
morales@pechmanlaw.com
slotnick@pechmanlaw.com
*Attorneys for Plaintiff and the Putative FLSA Collective*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
ANTONIO SAJVIN, on behalf of himself and all
others similarly situated,

                Plaintiff,

     -against-

SINGH FARM CORP. d/b/a SINGH FARM, and
AVTAR SINGH,

                Defendants.
------------------------------------------------------------- X

**COMPLAINT**

**COLLECTIVE ACTION**

     Plaintiff Antonio Sajvin ("Plaintiff" or "Sajvin"), on behalf of himself and all others similarly situated, by his attorneys, Pechman Law Group PLLC, complaining of Defendants Singh Farm Corp. d/b/a Singh Farm ("Singh Farm"), and Avtar Singh (collectively, with Singh Farm, "Defendants"), alleges:

### NATURE OF THE ACTION

     1.    This action is brought to recover unpaid overtime pay, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and New York Labor Law § 190, *et seq.* ("NYLL"), on behalf of non-exempt employees who worked for Defendants.

2. Defendants have paid Sajvin and other non-exempt workers a weekly salary that failed to compensate them at the overtime premium for hours worked over forty per workweek, as required by the FLSA and NYLL.

3. Defendants have also failed to pay Sajvin and other non-exempt workers spread-of-hours pay, and provide them with wage notices and wage statements, in violation of NYLL and the New York Wage Theft Prevention Act ("WTPA").

4. Sajvin brings this action to recover unpaid overtime wages, unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs pursuant to the FLSA, NYLL, and WTPA.

## JURISDICTION

5. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, because all events giving rise to this action and alleged in the Complaint occurred at Singh Farm, which is located, and operated by Defendants, in the Eastern District of New York.

## THE PARTIES

**Plaintiff**

7. Sajvin resides in Queens County, New York.

8. Defendants have employed Sajvin from May 11, 2016 to the present as a produce stocker at the Singh Farm located at 117-05 101st Avenue, South Richmond Hill, New York 11419.

**Defendants**

9. Defendant Singh Farm Corp. is a New York corporation that owns, operates, and does business as Singh Farm, a fresh produce market with locations at 117-05 101st Avenue, South Richmond Hill, New York 11419, 118-05 Liberty Avenue, South Richmond Hill, New York 11419, and 124-01 Liberty Avenue, Richmond Hill, New York 11419.

10. The Singh Farm locations at 117-05 101st Avenue and 124-01 Liberty Avenue are open 24 hours a day, 7 days a week.

11. Singh Farm has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

12. Singh Farm had an annual gross volume of sales in excess of $500,000 in 2014, 2015, and 2016.

13. Singh Farm is projected to have an annual gross volume of sales in excess of $500,000 for the year 2017.

14. Singh Farm is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

15. The three Singh Farm locations interchange and share employees, and products.

16. For example, produce shipments for the three Singh Farm locations are typically delivered to the 117-05 101st Avenue location. The produce is then distributed depending on need to the 118-05 Liberty Avenue, South Richmond Hill, New York 11419, and 124-01 Liberty Avenue, Richmond Hill, New York 11419 locations.

17. Employees are routinely interchanged between the Singh Farm locations. For example, if one of the locations is understaffed, then a worker from another location is sent to provide coverage.

18. Avtar Singh ("Singh") is an owner and manager of Singh Farm.

19. Singh is listed as the Chief Executive Officer on the New York State Department of State Division of Corporations Entity Information for Singh Farm, and he appears as the contact for the business on Singh Farm's website (http://www.sikhofworld.com/singhfarm/index.asp).

20. Throughout Sajvin's employment, Singh has exercised the authority to hire and fire employees, directed the manner in which employees performed their daily duties and assignments, and established and implemented the pay practices and work and scheduling policies at Singh Farm.

21. For example, Singh interviewed and hired Sajvin.

22. Singh is regularly present at Singh Farm.

23. Singh sets the pay rates of Singh Farm employees, including Sajvin's.

24. Singh is an "employer" within the meaning of the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

25. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and similarly situated non-exempt workers employed by Defendants at Singh Farm at any time three years prior to the filing of this action through the entry of judgment in this action (the "FLSA Collective").

26. The FLSA Collective consists of approximately forty similarly situated current and former non-exempt workers of Singh Farm, including produce stockers, kitchen workers, and grocery stockers, all of whom have been victims of Defendants'

common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages and other monies.

27. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice includes, *inter alia*, failing to pay the FLSA Collective the proper overtime pay for all hours worked over forty per week.

28. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

29. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damage to Plaintiff and the FLSA Collective.

30. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. Those similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## PLAINTIFF'S FACTUAL ALLEGATIONS

31. As a produce stocker at Singh Farm, Sajvin's responsibilities include cleaning and stocking fresh produce, replacing produce from the shelves, sweeping and mopping the floors, taking out the garbage, and receiving deliveries.

32. Throughout his employment, Sajvin has worked the night shift at Singh Farm.

33. From May 11, 2016 until in or about December 2016, Sajvin worked six days per week, Wednesday through Monday from approximately 8:30 p.m. to 8:30 a.m., totaling approximately 72 hours per week.

34. From in or about December 2016 through the present, Sajvin worked six days per week, Wednesday through Monday from approximately 8:30 p.m. to 7:30 a.m., totaling approximately 66 hours per week.

35. On occasion throughout his employment, Sajvin was required to work 30 to 45 minutes after the end of his shifts to complete his duties, which included removing and cleaning the produce for the upcoming day shift, and mopping the floors.

36. Throughout his employment, Defendants have paid Sajvin a salary of $450 per week.

37. The other non-exempt workers employed by Defendants were also paid a weekly salary.

38. Sajvin and the other non-exempt workers regularly worked in excess of forty hours per workweek.

39. Defendants did not pay Sajvin and other non-exempt workers at the rate of one and one-half times their regular hourly wage for hours worked in excess of forty per workweek.

40. Sajvin and the other non-exempt workers regularly worked shifts that spanned more than ten hours per day.

41. Defendants did not compensate Sajvin and other non-exempt workers with one additional hour's pay at the statutory minimum hourly wage for each day that their shift spanned more than ten hours.

42. Defendants paid Sajvin and other non-exempt workers their wages weekly in cash without accompanying accurate wage statements including, *inter alia*, their regular and overtime hourly rates of pay and hours worked.

43. Defendants did not furnish Sajvin and other non-exempt workers with wage notices at the time of their hiring or whenever there was a change in their wage rate.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

44. Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

45. Defendants are employers within the meaning of the FLSA.

46. Throughout their employment, Plaintiff and the FLSA Collective have been engaged in commerce or in the production of goods for commerce on behalf of Defendants.

47. Plaintiff and the FLSA Collective are non-exempt "employees" within the meaning of the FLSA.

48. Defendants were required to pay Plaintiff and the FLSA Collective one and one-half (1½) times their regular hourly wage rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions of 29 U.S.C. § 207 *et seq*.

49. Defendants failed to pay Plaintiff and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

50. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages.

51. Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## SECOND CLAIM
### (New York Labor Law – Unpaid Overtime)

52. Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

53. Plaintiff and the other non-exempt workers are "employees" within the meaning of the NYLL.

54. Under New York State Department of Labor ("NYDOL") regulations, including 12 N.Y.C.R.R. §§ 137-1.3, 146-1.4, Defendants were required to pay Plaintiff and the other non-exempt workers one and one half (1½) times their regular hourly wage rate for all hours that they worked in excess of forty per workweek.

55. Defendants failed to pay Plaintiff and the other non-exempt workers the overtime wages to which they were entitled under the NYLL and its supporting regulations.

56. Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff and the other non-exempt workers overtime wages.

57. Due to Defendants' willful violations of the NYLL and supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. Part 146, Plaintiff and the other non-exempt workers that opt into this lawsuit are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## THIRD CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

58. Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

59. Defendants willfully failed to pay Plaintiff and the other non-exempt workers additional compensation of one hour's pay at the statutory minimum hourly wage rate for each day during which their shifts spread over more than ten hours.

60. By Defendants' failure to pay Plaintiff and the other non-exempt workers spread-of-hours pay, Defendants willfully violated Section 650 *et seq.* of the NYLL and its supporting NYDOL regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 137-3.10, and 146-1.6.

61. Due to Defendants' willful violations of the NYLL, Plaintiff and the other non-exempt workers that opt into this lawsuit are entitled to recover an amount prescribed by statute as unpaid spread-of-hours pay, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## FOURTH CLAIM
### (New York WTPA – Failure to Provide Wage Notices)

62. Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

63. The WTPA, as incorporated into the NYLL, as well as the NYLL's interpretative regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide each employee with a written notice of his or her wage rate, in the employee's native language, at the time of hire and whenever there is a change to the employee's rate of pay.

64. In violation of NYLL § 191, Defendants failed to furnish Plaintiff and the other non-exempt workers, at the time of hiring and whenever there was a change to rates of pay, with wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with

NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

65. Due to Defendants' violation of NYLL § 195(1), Plaintiff and the other non-exempt workers that opt into this lawsuit are entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## FIFTH CLAIM
### (New York WTPA – Failure to Provide Wage Statements)

66. Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

67. The NYLL and WTPA require employers to provide employees with an accurate wage statement each time they are paid.

68. Throughout Plaintiff and the other non-exempt workers' employment with Defendants, Defendants have paid wages without providing a wage statement at the end of every pay period accurately listing, *inter alia*: the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of the NYLL § 195(3).

69. Due to Defendants' violation of NYLL § 195(3), Plaintiff and the other non-exempt workers that opt into this lawsuit are entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective respectfully requests that this Court enter a judgment:

    a.    declaring that Defendants have violated the overtime wage provisions of the FLSA, NYLL, and NYDOL regulations;

    b.    declaring that Defendants have violated the spread-of-hours pay provisions of the NYLL and NYDOL regulations;

    c.    declaring that Defendants have violated the notice and record-keeping provisions of the FLSA, NYLL and WTPA;

    d.    declaring that Defendants willfully violated the FLSA and NYLL;

    e.    enjoining future violations of the FLSA and NYLL by Defendants;

    f.    awarding Plaintiff and the FLSA Collective damages for unpaid overtime wages;

    g.    awarding Plaintiff and non-exempt workers that opt into this lawsuit damages for unpaid spread-of-hours wages;

    h.    awarding Plaintiff and non-exempt workers that opt into this lawsuit liquidated damages in an amount equal to two times the total amount of the wages found to be due pursuant to the FLSA and the NYLL;

    i.    awarding Plaintiff and non-exempt workers that opt into this lawsuit statutory damages as a result of Defendants' failure to furnish accurate wage statements pursuant to the NYLL and the WTPA;

    j.    awarding Plaintiff and non-exempt workers that opt into this lawsuit statutory damages as a result of Defendants' failure to furnish wage notices pursuant to the NYLL and the WTPA;

  k. awarding Plaintiff and non-exempt workers that opt into this lawsuit pre-judgment interest pursuant to the NYLL;

  l. awarding Plaintiff and the FLSA Collective post-judgment interest as required under 28 U.S.C. § 1961(a);

  m. awarding reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

  n. awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
   July 6, 2017

          PECHMAN LAW GROUP PLLC

          By: _____
          Louis Pechman
          Vivianna Morales
          Gregory Slotnick
          488 Madison Avenue, 11th Floor
          New York, New York 10022
          (212) 583-9500
          pechman@pechmanlaw.com
          morales@pechmanlaw.com
          slotnick@pechmanlaw.com
          *Attorneys for Plaintiff and the Putative FLSA Collective*